# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 04-0480


**JACK MANUEL**

**VERSUS**

**NORTHROP-GRUMMAN**


************

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 3
PARISH OF CALCASIEU, NO. 03-01214,
HONORABLE CHARLOTTE L. BUSHNELL,
WORKERS' COMPENSATION JUDGE

************

## JIMMIE C. PETERS
## JUDGE

************

Court composed of Jimmie C. Peters, Glenn B. Gremillion, and Billy H. Ezell, Judges.


**REVERSED.**

**Mark Zimmerman**
**Attorney at Law**
**910 Ford Street**
**Lake Charles, LA 70601**
**(337) 433-1414**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
     **Jack Manuel**

**James J. Hautot**
**Judice & Adley**
**926 Coolidge Blvd.**
**Lafayette, LA 70505**
**(337) 235-2405**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Northrop-Grumman**

PETERS, J.

## MEMORANDUM OPINION

Northrop-Grumman (Northrop) appeals a judgment awarding its employee, Jack Manuel, workers' compensation benefits in connection with Mr. Manuel's mental/mental claim. For the following reasons, we reverse.

Specifically, Mr. Manuel filed a claim for workers' compensation benefits as well as penalties and attorney fees for "[m]ental stress from senseless harranguing [sic] to sign off on time worked that wasn't accurate." Northrop disputed the claim and never paid any indemnity or medical benefits. Following a hearing on the merits, the workers' compensation judge (WCJ) awarded Mr. Manuel temporary total disability benefits and medical benefits but declined to award penalties and attorney fees.

In support of the judgment, the WCJ gave the following reasons in part:

> In this case, the claimant testified and [Jack] Abbott, the manager at Northrop Grumman. The claimant's undisputed evidence is that he was approached several days about time sheets which had been changed, apparently by his supervisor. This supervisor had been reprimanded for the changes that were made to the time sheet; and while the initial incident occurred in April or May, the straw that broke the camel's back, I suppose, occurred in January of 2003. The employer representative, Mr. Abbott, surprisingly didn't have a lot of information to provide to the court. However, Mr. Abbott went so far as to call the claimant in to tell him that Human Resources would be taking a look at this issue of the time sheet change but that he shouldn't get excited, and I think the Human Resources person that was to talk with the claimant was Mr. Jay Bradford. . . .
> . . . .
> The claimant testified that he had several meetings with Mr. Bradford and disputably has with Mr. Abbott wherein there were several discussions about this time sheet incident and that claimant was somehow ordered or directed to approve the time sheets. The claimant indicated he was told to either approve or disapprove and he said -- he simply did not agree with the time sheets.
> The claimant was ultimately hospitalized on January 29, 2003. The claimant said that his problems began on January 20, 2003, when Mr. Abbott took him into his office, sat him down and told him he needed to approve the documents. The claimant went to the nurse who

took his blood pressure and it was high. He ultimately went over to Memorial Hospital. The claimant testified he feared he was about to lose his job.

While the court believes the case . . . was blown grossly out of proportion, *it does not change the fact that there is medical evidence to show that he had a psychological effect. The activities had a psychological effect on the claimant and, therefore, the court finds that this was a sudden, unexpected, or extraordinary stress for a period of days that escalated to claimant's reaction on January 29, where he had to be . . . taken to the hospital. As a result, the court finds that the claimant has proven by clear and convincing evidence that he suffered mental/mental injury.*

(Emphasis added.)

Louisiana Revised Statutes 23:1021(7)(b) provides:

Mental injury or illness resulting from work-related stress shall not be considered a personal injury by accident arising out of and in the course of employment and is not compensable pursuant to this Chapter, unless the mental injury was the result of a sudden, unexpected, and extraordinary stress related to the employment and is demonstrated by clear and convincing evidence.

The record supports that Mr. Manuel did suffer a mental injury as a result of

the job stress at issue. However, in *Partin v. Merchants & Farmers Bank*, 01-1560,

p. 12 (La. 3/11/02), 810 So.2d 1118, 1125, the supreme court explained that La.R.S.

23:1021(7)(b) "is not so much a definition of mental injury as it is a definition of

*compensable* mental injury." Importantly, "a mental injury is compensable depending

upon *the type of stress* which triggers that injury." *Id.* (emphasis added).

Specifically, "the legislature intended that *the nature of the stress* itself be evaluated,

rather than the stress being evaluated from the employee's perspective." *Id.*

(emphasis added). As pointed out by the supreme court, "[i]f the stress were

evaluated from the employee's perspective, much wider recovery would result under

subsection (7)(b) because nearly every employee would consider extraordinary a

stress that caused him mental injury." *Id.* The supreme court concluded that "the

2

legislature intended to restrict recovery under subsection (7)(b) to those mental injuries that result from stresses which, by their nature, are sudden, unexpected, and extraordinary in the usual course of employment in that working environment." *Id.*

In the instant case, the record supports that changes were made to Mr. Manuel's time sheets. According to Mr. Manuel, for several days either Jack Abbott, a Northrop manager, or Jay Bradford, a Northrop human resource customer service representative, attempted to have him approve the time sheets with the changes. Mr. Manuel testified that he requested that an auditor be brought in to explain the changes on the time sheets to him but that his request was refused. Concerned that the changes were fraudulent, Mr. Manuel refused to approve the time sheets. Finally, Mr. Bradford told Mr. Manuel to write on the time sheets that he would not approve the changes. Mr. Manuel refused to write that he would not approve the changes but stated that he would instead write that he was in disagreement with the changes in accordance with his understanding of company policy. Mr. Bradford finally allowed Mr. Manuel to write that he was in disagreement with the changes. Then, according to Mr. Manuel, Mr. Bradford "slammed the top cover" of the stack of time sheets, hollered at him, and stormed off. Mr. Manuel testified that Mr. Bradford stated: "I'm through with you. I'm going to turn this over to the management. I'm going to let them deal with you." At that point, Mr. Manuel feared that he would lose his job and began experiencing symptoms that resulted in his having to be taken to the hospital. Mr. Manuel admitted that no adverse job action has been taken against him.

As set forth above, the WCJ found that "the case . . . was blown grossly out of proportion." Thus, it is apparent that the WCJ found that the stress itself was not sudden, unexpected, and extraordinary in the usual course of employment. The

record supports that Mr. Bradford was very unprofessional in the way he handled the situation, which resulted in Mr. Manuel fearing for his job. However, while unprofessional, Mr. Bradford's conduct was not sudden, unexpected, and extraordinary in the usual course of employment. As stated in *Partin*, "[a] personnel action is not necessarily extraordinary because it is unfair from the employee's point of view." *Id.* at 1126. Nevertheless, the WCJ found Mr. Manuel's claim compensable because the stress "had a psychological effect on the claimant." In accordance with *Partin*, the mere presence of a mental injury is insufficient to render a claim compensable. Thus, the WCJ erred in finding Mr. Manuel's claim compensable, and we reverse.

## DISPOSITION

For the foregoing reasons, we reverse the judgment below in accordance with Uniform Rules—Courts of Appeal, Rule 2-16.1(B), and we assess costs of this appeal to Jack Manuel.

**REVERSED.**

This opinion is released as a Memorandum Opinion in compliance with Uniform Rules—Courts of Appeal Rule 2-16.1B.

4